**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MARINA GONZALEZ-LORD,
           *Plaintiff-Appellant,*

v.

TOMMY G. THOMPSON, Secretary,
Department of Health and Human
Services,
           *Defendant-Appellee.*

No. 02-2339

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge; Charles B. Day, Magistrate Judge.
(CA-01-3107-PJM)

Submitted: March 7, 2003

Decided: March 21, 2003

Before WIDENER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Marina Gonzalez-Lord, Appellant Pro Se. Jennifer Lilore Huesman, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Marina Gonzalez-Lord, who is a Hispanic female, born January 10, 1952, filed this action asserting that her failure to be hired for various positions within the Department of Health and Human Services was motivated by racial and age-based discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e-5 to 2000e-17 (West 1994 & Supp. 2001), and the Age Discrimination in Employment Act of 1967, 42 U.S.C. § 2000e-2. Gonzalez-Lord alleges that Secretary Thompson failed to hire her for each of the following nine positions because of her race and/or age: (1) Technical Information Specialist CA-96-1947; (2) Consumer Safety Officer FDA-DH-010; (3) Patient Care Assistant DK-96-0720A; (4) Secretary FDA-015-OC; (5) Biologist FDA-96-424-DE; (6) Biologist FDA-DH-013; (7) Consumer Safety Technician FDA-95-321-BNS; (8) Biologist AI-95-002; and (9) Secretary HRSA-96-17. The magistrate judge (presiding with the parties' consent) entered summary judgment against Gonzalez-Lord, concluding that, even assuming Gonzalez-Lord established a prima facie case of discrimination, she failed to present any evidence of discrimination to satisfy her burden of persuasion by a preponderance of the evidence.

This Court reviews an award of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Without direct evidence of discriminatory motive, discrimination claims under Title VII are analyzed under the burden-shifting frame-

work of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).* To establish a prima facie case of discrimination, Gonzalez-Lord must show: (1) she is a member of a protected class; (2) she applied for the position in question; (3) she was qualified for the position; and (4) the position was filled by a similarly qualified applicant outside the protected class. *See Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999). If Gonzalez-Lord establishes a prima facie case, the burden shifts to the defendant employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id*. If the employer meets this burden, the burden shifts to the employee to show the employer's proffered reason was a pretext for illegal discrimination. *Id*.

With these standards in mind, we affirm substantially on the reasoning of the magistrate judge. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*The *McDonnell Douglas* framework is also applied to age discrimination cases. *See Reeves v. Sanderson Plumbing*, 530 U.S. 133, 142 (2000) (assuming but not deciding *McDonnell Douglas* framework was applicable to age discrimination cases).